IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>**GILBERTO LUIS TORRES CARRASQUILLO**<br><br>Debtor | CASE NO. 15-04802(MCF)<br><br><br><br>CHAPTER 13 |
| **GILBERTO LUIS TORRES CARRASQUILLO**<br><br>Plaintiff<br><br>v.<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES, LLC;**<br>**ROOSEVELT CAYMAN ASSET COMPANY;**<br>**JOHN DOE;**<br>**RICHARD ROE;**<br>**INSURANCE COMPANY X, Y, Z**<br><br>Defendant – Third-Party Plaintiff<br><br>v.<br><br>**ASSURANT, INC., D/B/A ASSURANT FIELD ASSET SERVICES, AND/OR ASSURANT MORTGAGE SOLUTIONS**<br><br>Third-Party Defendant | ADV. NO. 17-00033(MCF) |

## **ANSWER TO COMPLAINT**

TO THE HONORABLE COURT:

Adv. No. 17-00033(MCF) 2

COME NOW Codefendants RUSHMORE LOAN MANAGEMENT SERVICES, LLC (**"Rushmore"**) and ROOSEVELT CAYMAN ASSET COMPANY ("RCAC"), through the undersigned counsel, and very respectfully answer the Complaint filed on February 7, 2017:

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. The averments of Paragraph 6 are admitted, with the exception to the averments regarding committing acts in violation of the automatic stay and confirmation of plan provisions of the Bankruptcy Code, and the responsibility for the damages and illegal acts alleged in the Complaint, which averments are denied.

7. The averments of Paragraph 7 are admitted, with the exception to the averments regarding committing acts in violation of the automatic stay and confirmation of plan provisions of the Bankruptcy Code, and the responsibility for the damages and illegal Paragraph 9 is admitted.

8. Paragraph 8 is admitted, and it is affirmatively alleged that Assurant, Inc. may be held liable under this Paragraph.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted

14. Paragraph 14 is admitted.

Adv. No. 17-00033(MCF) 3

15. Paragraph 15 is admitted.

16. Paragraph 16 is admitted.

17. Paragraph 17 is admitted.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted.

20. Paragraph 20 is admitted.

21. Paragraph 21 is admitted.

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. Paragraph 26 is admitted.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied for lack of information to form a belief.

34. Paragraph 34 is denied for lack of information to form a belief.

35. Paragraph 35 is denied for lack of information to form a belief.

36. Paragraph 36 is denied for lack of information to form a belief.

37. Paragraph 37 does not require a responsive pleading.

Adv. No. 17-00033(MCF)  4

38. Paragraph 38 is admitted.

39. Paragraph 39 is admitted.

40. Paragraph 40 is denied for lack of information to form a belief.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 does not require a responsive pleading.

46. Paragraph 46 is admitted.

47. Paragraph 47 is admitted.

48. Paragraph 48 is admitted.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied.

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which the relief requested may be granted.

2. Neither Rushmore nor RCAC has intentionally and willfully violated 11 U.S.C. §362 or the confirmation order.

3. Neither Rushmore nor RCAC has pursued collection efforts against Plaintiff, or improperly harassed Plaintiff after the filing of the petition herein or the confirmation order.

Adv. No. 17-00033(MCF) 5

4. Neither Rushmore nor RCAC hired or authorized a third-party to improperly harass Plaintiff after the filing of the petition herein or the confirmation order.

5. The alleged acts by third-parties may not have been intended to constitute collection efforts, to violate the automatic stay or the confirmation order, or to improperly harass Plaintiff.

6. Rushmore and RCAC learned about the alleged acts by third-parties against Plaintiff after the filing of the Complaint herein.

7. There cannot be any will or intention where there is no knowledge of intended acts prior to their alleged commission.

8. Neither Rushmore nor RCAC moved the Superior Court of Puerto Rico for relief against Plaintiff after the filing of the petition herein or after the confirmation order.

9. At the relevant times, the alleged actors or violators acted on their own, without instructions or assistance from Rushmore or RCAC.

10. Plaintiff failed to mitigate the alleged damages.

11. Plaintiff failed to notify the bankruptcy stay to the Superior Court of Puerto Rico, including its marshals.

12. Plaintiff is liable for contributory negligence on any damages.

13. The third-parties who Plaintiff alleges violated the automatic stay herein may not have received notice of the filing of the bankruptcy proceedings herein.

14. The third-parties who Plaintiff alleges violated the automatic stay herein may have acted without knowledge of the filing of the bankruptcy proceedings herein.

15. A creditor's taking of photographs of its collateral is not an act of collection of a debt.

16. Rushmore and RCAC reserve the right to add or withdraw affirmative defenses or

Adv. No. 17-00033(MCF) 6

denials, including the right to file such additional defenses, counterclaims, cross-claims and/or third-party complaints as they may be discovered or identified as a result of further proceedings in the case.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter an order dismissing the Complaint.

### THIRD-PARTY COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW,** Defendants/Third-Party Plaintiffs, RUSHMORE LOAN MANAGEMENT SERVICES, LLC ("RUSHMORE") and ROOSEVELT CAYMAN ASSET COMPANY ("RCAC"), through their undersigned counsel, and very respectfully state and allege the following Third-Party Complaint:

### PARTIES

1. Third-Party Plaintiff, RUSHMORE, is a corporation organized under the laws of California, with principal offices are located at 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618; its Puerto Rico Branch mailing address is 221 Muñoz Rivera Ave., Sixteenth Floor, San Juan, PR 00918.

2. Third-Party Plaintiff, RCAC, is a Cayman exempted company, organized, existing, and in good standing, under the laws of the Cayman Islands, represented in Puerto Rico by its servicer, Rushmore, which mailing address is 221 Muñoz Rivera Ave., Sixteenth Floor, San Juan, PR 00918.

3. Third-Party Defendant, ASSURANT, INC. is a Delaware corporation, doing business as ASSURANT FIELD ASSET SERVICES and ASSURANT MORTGAGE SOLUTIONS, (collectively, "ASSURANT"), with principal offices located and mailing address

Adv. No. 17-00033(MCF)  7

at 101 West Louis Henna Boulevard, Suite 400, Austin, TX 78728.

## FACTS THAT RELEVANT TO ALL COUNTS

4. ASSURANT is unrelated to Rushmore or RCAC.

5. ASSURANT is an independent provider of inspections, property preservation, and support services to mortgage lenders, servicers and other firms.

6. ASSURANT was contracted by Rushmore to provide inspections, property preservation, and support services to its loan portfolio serviced in Puerto Rico.

7. Prior to June 26, 2015, ASSURANT was contracted by Rushmore to provide inspections, property preservation, and support services for Rushmore loan number 8000002780.

## FIRST CAUSE OF ACTION

8. Rushmore and RCAC incorporate all of the foregoing statements and the allegations contained in Paragraphs 1 through 53 of the Complaint, as though fully rewritten herein at length.

9. If Plaintiff's allegations are proven true, then ASSURANT is liable directly to Plaintiff for any damages Plaintiff could have suffered and that are recoverable pursuant to any Bankruptcy Code violations that could be established by Plaintiff.

10. If Plaintiff's allegations are proven true, then ASSURANT is liable directly to Rushmore and RCAC for the legal fees, costs and disbursements incurred by Rushmore and RCAC in defending the instant case and any amounts the Court may impose upon Rushmore and RCAC for any finding of liability.

## PRAYER FOR RELIEF

**WHEREFORE,** Rushmore and RCAC demand judgment in its favor and against Third-Party Defendant ASSURANT, INC., as follows:

Adv. No. 17-00033(MCF) 8

(a) finding ASSURANT, INC. liable directly to Plaintiff, or alternatively, liable to Rushmore and RCAC for any award that may be granted to Plaintiff, and imposed on Rushmore and RCAC because of the acts, conduct and omissions alleged in the Complaint;

(b) finding ASSURANT, INC. liable directly to Rushmore and RCAC for the legal fees, costs and disbursements incurred by Rushmore and RCAC in defending the instant case and any amounts the Court may impose upon Rushmore and RCAC for any finding of liability;

(c) entering any other relief it deems fair and equitable.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed electronically on this day with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to **Roberto Figueroa Carrasquillo, Esq.,** rfigueroa@rfclawpr.com.

In San Juan, Puerto Rico, this 30th day of March, 2017.

    s/SERGIO A. RAMIREZ DE ARELLANO\_\_\_\_
SERGIO A. RAMIREZ DE ARELLANO, ESQ.
SARLAW LLC
Attorneys for RUSHMORE and RCAC
Banco Popular Center, Suite 1022
209 Muñoz Rivera Avenue
San Juan, PR 00918-1009
Tel. (787) 765-2988; 764-6392
FAX (787) 765-2973
U.S.D.C. 126804
sramirez@sarlaw.com